30 C.C.P.A. (Patents)

## In re CORBIN.
### Patent Appeals No. 4770.

Court of Customs and Patent Appeals.

June 10, 1943.

Charles M. Nissen, of Columbus, Ohio, for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting claims 21 to 25, inclusive, 27 to 29, inclusive, 32 and 33 of an application for a patent for a Loader, as lacking patentability over the cited prior art. Four claims were allowed. All of the rejected claims are for apparatus.

Claim 21 is illustrative of the claims in issue and reads as follows: "21. In a loading machine, the combination with a frame having an elongated traveling conveyor thereon, of a gathering head having a receiving plate inclined upwardly and rearwardly to overlap the receiving end of said conveyor, gathering conveyor mechanism comprising a pair of spaced-apart endless chains at the sides of said gathering head, driving mechanism between said conveyor and said endless chains, conveyor flights pivoted to said chains, guiding arms on said flights, and rearwardly diverging cams secured to said gathering head in position to be engaged by said guiding arms to cause said flights to be moved to non-conveying positions before leaving said receiving plate."

The references cited are: Hamilton, 806,-804, December 12, 1905; Shanaberger, 1,-569,209, January 12, 1926; MacEachen, 1,-987,261, January 8, 1935; Hauge, 2,007,109, July 2, 1935; Levin, 2,021,453, November 19, 1935; Cartlidge, 2,101,238, December 7, 1937; Clarkson, 2,141,147, December 20, 1938; Sloane, 2,151,571, March 21, 1939; Hamachek, Jr., 2,187,026, January 16, 1940.

The invention relates generally to a loading machine for loading broken down coal in a mine, and particularly to a gathering head and a gathering conveyor for the loader including a novel gathering flight structure. The device comprises in the gathering head thereof two adjacent endless chain conveyors with upright arms, called flights, pivoted thereto and positioned on opposite sides of the gathering head. The head is propelled against the coal to be gathered and by operation of the said endless chains the flights sweep the coal up onto a plate whence it drops onto a trough and is conveyed to the loading end of the device. As the flight means approach the end of said plate they gradually fold back until as they leave the end of the plate the flights are flat against the endless chain. As the flights move toward a load-sweeping position a kind of tail on the flight is engaged by a cam, resulting in the face of the flight being elevated to its working position in which it remains until it starts to assume its folding position. The movement of the flights on the opposite sides of the gathering head is synchronized so that the opposing flights alternately sweep the coal during the operation of the device.

The examiner finally rejected all of the claims as unpatentable over the reference to Shanaberger. With respect to claims 21 and 22 the examiner noted the divergence of the opposite cam rails in appellant's device and stated that the divergence, which is said to be a gradual swinging in claim 22, merely indicated a result which is a matter of degree, and held it to have no effective basis in the structure. The examiner held the curving of the rear end of the cam rails to be a common expedient where a flight arm runs over the end of the

rail "as seen in Brown or Hamachek." The examiner also held that the disclosure of the Hamilton reference and that of Miller likewise met this limitation.

The examiner held that the limitation of 90° of swing in the flights recited in claims 24 and 25, was clearly a matter of degree. He pointed out that the Shanaberger reference proposed a swing of 45° but that the patent to Brown shows that 90° is not novel "and it is obvious that such changes are matters of design even though thought important by some designers." He also stated that the patent to MacEachen shows flights shifting through an effective angle of 90° from the normal pushing position and stated that "this angle could be adopted by any designer interested in the Shanaberger type of machine." Those claims were also rejected on the MacEachen reference. Claims 27 and 33 were further rejected on the Hamilton reference. The examiner pointed out that it was common to drive a flight conveyor from an elevating conveyor as stated in claim 28, in view of the Clarkson reference. Claim 32 was further rejected on the patent to Sloane, which the examiner said anticipates the structure defined by the claim.

In his statement, the Primary Examiner did not list the Brown or Miller references referred to in his letter of final rejection, but stated that the art relied on is as heretofore noted. The only references discussed in the examiner's statement are the Shanaberger, Hamilton, MacEachen, Hamachek and Levin patents, and therefore we assume that the Brown and Miller references were withdrawn.

The board in affirming the decision of the examiner discussed only the Hamilton, Shanaberger and MacEachen references and stated that "The decision of the examiner is affirmed for reasons more fully discussed by him."

In its decision on appellant's request for a rehearing and reconsideration of its decision, the board adhered to its reasons for affirmance of the rejection of the involved claims, stating as follows: "We see no good reason for discussing the decisions referred to in the lengthy brief as they have no pertinency in connection with the present case. We also do not consider our conclusion ambiguous in referring to reasons discussed by the examiner. However, our broad ground of rejection is satisfactory in itself, in our opinion. We made a general reference to the Examiner's Statement to make the rejection more inclusive without accepting all the examiner's specific reasoning."

From the above-quoted language it would seem that notwithstanding its general affirmance the board disagreed with some of the reasoning of the examiner.

Appellant has not included in the record any of the references except the patents to Hamilton, Shanaberger and MacEachen. Appellant in his brief refers only to those references. We are unable to know what the omitted references disclose and teach, but in view of our conclusion it is not necessary to have them before us.

The Shanaberger patent relates generally to the same kind of conveyor and loader as does the device shown in appellant's application. The device of the patent comprises a head with two adjacent endless chain coal-sweeping means provided with flights pivoted thereto and kept in sweeping position by means of a cam in a fashion quite similar to that of the appellant. The drawing of the patent shows that when the flight has reached the end of the cam in its pushing or sweeping movement the tail of the flight slips down over the sprocket chain, thereby angling back the face of the flight, but not to the degree shown by the device of appellant. The oppositely disposed flights in the device of the patent alternate when in sweeping position.

The Hamilton Patent also relates to coal-loading machines. The device disclosed comprises flights which in pushing position are at right angles to the load and which leave the plate, upon which the load rests, near the location of the hopper into which the coal falls. As the flight goes over the sprocket near the hopper the face of the flight drops back and as it is returned on the endless chain it is slanted in the dropped-back position to an angle of about 45°. As it approaches the head of the machine it moves out again into a sweeping position. The different positions of the flight are described in the patent as follows: "The heels of the flights bear on this guide-plate, and they are thereby held at right angles to the trough of the conveyer. Near the sprockets 75 the guide-plate curves rapidly inward. This permits the flights to tilt rearward with respect to the radial position. When the flight moves out of contact with the guide-plate at its free end, the heel thereof is no longer confined, the space between the sprockets 75 being open.

Hence the flight may fold back as far as the casing will allow and exerts no pushing force. The flights return through a narrow casing 78, the outer wall of which folds them back."

The MacEachen patent relates to a machine for gathering and loading coal or similar material into mine cars. It discloses a header comprising adjacent sprocket chains to which are pivoted flights for sweeping broken coal in a mine back to the loader. The flights are kept in pushing position by means of a heel or tail which runs on a plate or rail from the face of the header back to the sprocket where the chain begins its passage back again to the sweeping end. As the flights leave the end of the rail or plate the face of the flight falls backward as the heel of the flight drops in below the line of the chain and the flights in their then flat position are maintained through a channel until they reach that portion of the header where they are permitted to again assume a relatively right-angle position to continue their sweeping motion.

The sole question before us is whether the flight means disclosed in the application is patentably distinct from those shown in the prior art.

It is clear that the flights disclosed in the prior art are mechanically changed from their right-angle or pushing position to the endless chain to a straighter angle position after the flight leaves the cam, and that as they enter the coal pile they are, by cam means, brought again into a right-angle or sweeping position.

Appellant contends that his device as disclosed in the rejected claims, by reason of the flights being swung from a conveying position to what is said to be a non-conveying position before the flights leave the end of the receiving plate, patentably distinguishes from those shown in the prior art. Appellant argues that by reason of that change of position of the flight the coal is not swept off the end of the receiving plate, which he says must occur in the operation of the devices of the prior art. The only difference we are able to see between the Shanaberger construction and that of the appellant in this respect is that the flights in the device of the patent do not drop back as far to a non-sweeping position as do the flights of the devices of appellant. It is clear that in the machines of the Hamilton and MacEachen references the flights drop freely back to a position substantially parallel with the chain and in our opinion it would be quite obvious in view of the prior art to one skilled in the art, if he desired to permit the freely dropping flights of the Hamilton and MacEachen devices, to so drop them in the device of Shanaberger. It appears to us this would involve merely a change in the shape of the notches appearing near the heel or trailing end of the Shanaberger flights.

It is not necessary to separately discuss the claims herein because the sole feature defined by the rejected claims which appellant considers patentable over the prior art resides in the construction and movement of the flights in his device.

The decision of the Board of Appeals is affirmed.

Affirmed.