51 CCPA

**Application of Russell C. FLINT.**
**Patent Appeal No. 7113.**

United States Court of Customs and Patent Appeals.
April 16, 1964.

**364**

Henry L. Brinks, Chicago, Ill., for appellant.

Clarence W. Moore, Washington, D. C. (Fred W. Sherling, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, JJ

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals which affirmed the rejection of claims 11 and 12 in appellant's application serial No. 757,385, filed August 26, 1958, entitled "Releasable Hold Open Device." No claims were allowed.

The invention relates to a releasable hold open device for doors, and in particular to a new mechanism controlled by a fusible link for automatically releasing the device in case of fire to permit an open door to close, for example under the influence of a door check comprising a door closing mechanism, the latter being the prime mover in closing the door once the release is actuated.

Claim 11 is representative and reads as follows:

"11. A door holder comprising a first arm, a first friction head at one end of said first arm, a second friction head opposed to said first friction head, a screw member for moving said first and second friction heads relatively toward and away from each other for frictional engagement and disengagement, a second arm rotatably mounted on said second friction head, said arm having an aperture communicating with said second friction head, said second friction head having a recess adapted to be aligned with said aperture, a pin member in said aperture normally projecting into said second friction head recess for preventing said second arm from rotating on said second friction head while said first and second arms are moved relative to each other, a spring member biased against said second arm and said spring member for ejecting said pin member out of said second friction head recess, and means including a fusible link for holding said pin member in said friction head recess in order to maintain normally a non-rotatable relation between said second arm and said sec-

ond friction head and to release said pin to permit the second arm to swivel on said second friction head when said fusible link is melted."

Appellant's device is best illustrated in Figs. 2 and 3 of the specification, reproduced below. Fig. 2 is a top view, Fig. 3 a side view.

Operation of the device will be briefly explained. The arms 14 and 16 (Fig. 3) pivotally move about a vertical axis through the housing shown under numeral 38 in Fig. 3 when a door is opened or closed. Arm 16 is fastened to the door casing, arm 14 to the door. 67 is a fusible link through which spring 61 urges pawl 58 to the right to support arm 50 at its terminus 54. Under normal opening and closing of the door, support arm 50 is maintained paralled to arm 16, shoulder 53 thereby forcing pin 42 (Fig. 2) inwardly.

As long as pin 42 is urged inwardly to occupy recess 41 in boss 35, arm 16, boss 35 and friction head 31 (Fig. 3) all move as a unit. Threaded studs (not shown) integral with and extending upwardly and downwardly of non-circular section 25 (Fig.2) act when arms 14 and

16 are rotated to screw head 30 (Fig. 3) up and down relative to head 31. The horizontal surfaces of heads 30 and 31 coact frictionally to hold the door open when arms 14 and 16 subtend their greatest angle (i. e., when the door is open).

In case of fire fusible link 67 melts, pawl 58 moves left (broken lines, Fig. 2) and arm 50 swings out (broken lines, Fig. 2) to release pin 42 which is ejected by compressed spring 45. Arm 16 is then free to move about boss 35 as a secondary pivot, and the door freely closes.

The gist of appellant's invention is the construction of the pin ejection mechanism.

▇▇▇ The sole ground of rejection is unpatentability over the following reference:[1]

1. The solicitor would also have us consider a patent to Ball cited in the final rejection, wherein the examiner rejected all claims (then 1–9) as "unpatentable

Pollack 2,792,087 May 14, 1957

Pollack teaches a releasable hold open device shown in Figs. 1 and 2 reproduced below, which are top and side views respectively.

Pollack's device functions similarly to appellant's, arm 12 of Pollack having fusible link 53 through which spring 57 urges crank arm 48 to hold leaf spring

over Pollack in view of Ball." In the answer, however, the Ball patent is not relied on, indeed, is not even listed as a reference, the examiner's only rejection being "unpatentable over Pollack."

The board noted this saying, "In the answer to the brief, the Examiner dropped the patent to Ball *as a reference* and relied solely on the patent to Pollack." (Emphasis ours.)

Nevertheless, the solicitor notes that Ball is mentioned in appellant's *reasons of appeal* and that the "examiner's answer failed to mention the rejection on Ball as a secondary reference but did not withdraw this rejection." Nor, the solicitor points out, did the board reverse this rejection. In re Bush, 296 F.2d 491, 49 CCPA 752, is cited to support the solicitor's argument that the rejection on Ball is therefore still an issue.

We do not agree with the solicitor. In Bush, we said simply that "In applying Rule 196(a), it seems to us that the words 'grounds * * * specified by the

examiner' must be construed to include all grounds relied on at final rejection *and not clearly withdrawn by the examiner's answer * * *.*" (Emphasis ours.)

We think withdrawal *of a reference* upon which a rejection is based unequivocally withdraws that rejection. Appellant's mentioning the rejection on the Ball patent in the reasons of appeal can in no wise resurrect a withdrawn ground of rejection and can readily be explained by counsel's justified caution, in view of certain decisions and recent actions of this court, to avoid any possibility of not being heard on the merits of what the Patent Office might still consider a viable rejection. See, for example, the classic warning in In re Boyce, 144 F.2d 896, 32 CCPA 718, discussed in the writer's concurring opinion in In re Le Page's Inc., 312 F.2d 455, 50 CCPA 852, 859.

Since the examiner dropped Ball and the board in no way relied on it, we regard that reference as out of the case.

arm 32 flush with arm 12. Normally, with spring arm 32 held down and engaged by stud 35, arm 12 and spring arm 32 move as a unit. Threaded stud 15, 17 operates, when arms 11 and 12 are pivotally moved to cause frictional engaging of surface 25 and the lower surface of plate 11.

In case of fire, fusible link 53 melts, crank arm 48 releases spring arm 32 which lifts off of stud 35 (broken lines, Fig. 2). Arm 12 is then free to rotate about post 24 as a secondary pivot, independent of friction surfaces 25 and 11.

The above discussion sufficiently illustrates for our purpose the similarities and differences of the devices. The only difference considered patentably significant by both appellant and the Patent Office is the mechanism by which the primary and secondary pivots are disengaged, viz., appellant's pin ejection system and patentee's releasable leaf spring arm.

The examiner's position as stated in his answer is (emphasis ours):

"The claims read directly on the reference except for the details of the latching means. * * * the Examiner takes the position that the spring arm 32 having the aperture and the second arm having a pin 35 which rigidly holds the second arm to the friction head (22, 25) by means of a fusible linkage (47, 57, 53) is considered to be *the mechanical equivalent* of applicant [sic] spring pin and socket for holding said arm and friction head rigidly together."

The board added (emphasis ours):

"The objects of the invention as stated by appellant in his specification are attained in the structure of Pollack. While Pollack does not show a pin member associated with a recess in the friction head to hold the second arm in a nonrotatable relation to the friction head, it is our opinion that the means employed by Pollack to maintain the same relationship is the *full equivalent* of that claimed. Pollack's spring arm 32 provides a positive engagement between the second arm and the friction head.

"This *serves the same purpose* as appellant's pin and recess. The fusible link arrangement in Pollack is the same as the fusible link claimed. They *both serve* to hold the members in the same relationship under normal conditions. In the event of fire both fusible links melt and cause a release of the connection between the second arm and the friction head to permit the second arm to swivel on the friction head.

"We do not find in the record of this application any showing that appellant's device attains *results or functions not attained* by the Pollack device or provides advantages or significant improvements over the device of Pollack."

Appellant argues that "there is no equivalency in fact because of differences of function and result between Pollack and the present invention"; that the test of "equivalency" has no statutory basis, the proper test being "obviousness" as set out in 35 U.S.C. § 103; and that the combination claimed is neither "disclosed in the prior art within Section 102, nor * * * obvious within the terms of Section 103." Appellant further argues that "The rejection points up the radical difference in approach between Section 103 of the statute and the position taken by the patent office [sic]. It is one thing to maintain that two devices are equivalent, and quite another thing to maintain that the second is obvious in view of the first."

We agree with appellant and consider as dispositive the rationale of our recent opinion in In re Scott, 323 F.2d 1016, 51 CCPA 747, wherein we said:

"The examiner and the board appear to hold that the mere existence of 'functional and mechanical equivalence' establishes 'obviousness.' We think this involves a non-

sequitur. Expedients which are functionally equivalent *to* each other are not necessarily obvious *in view of* one another. The statutory mandate of 35 U.S.C. § 103 is that the claimed subject matter be unobvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains."

Assuming, arguendo, that the pin ejection system of appellant and the releasable spring arm taught by Pollack are "functionally equivalent," it does not follow that the former would be "obvious" to one of ordinary skill in view of the latter. On the contrary, we see no suggestion in Pollack's leaf spring arm and stud construction to employ a spring-loaded pin *directly in the pivot socket* even though the solicitor characterizes such construction as "a slightly different disposition of the pin member" which results in a combination which is "merely the obvious equivalent of that of Pollack." We therefore do not find obviousness.

■■ The defect which we find in the reasoning employed below to support the rejection here is not only that it ignores the express provision of the statute as stated in section 103 but that it also ignores the fact that it is advantageous to the public in the promotion of *progress of the useful arts,* the Constitutional objective of the patent law, to provide inducement for the invention of devices which are the *functional* equivalents of devices already known. It is not the object of the policy behind the patent system to encourage satisfaction with or commercialization only of the first device for performing a given function that happens to come along. And for those who may be interested in promoting *competition* in the interest of the consuming public, the greater the number of *functionally* equivalent devices which are encouraged onto the market by patent protection, the better off the consumer will be. Therefore the test is obviousness of the invention and not whether it serves the same purpose as previous inventions.

The decision of the board is reversed.

Reversed.

WORLEY, Chief Judge (dissenting).

I regret that I am unable to agree with either the reasoning or conclusion of the majority. In my opinion the examiner and the board were clearly correct in holding that what appellant has done would be obvious in view of the cited art.