**Application of Konstant YANUSH.**
**Patent Appeal No. 8951.**

United States Court of Customs and Patent Appeals.
May 17, 1973.

Keith D. Beecher, Jessup & Beecher, Los Angeles, Cal., attorneys of record, for appellant.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents; Fred

W. Sherling, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

MARKEY, Chief Judge.

This is an appeal from the decision of the Patent Office Board of Appeals rejecting, under 35 U.S.C. § 103, claims 1–6, 9, and 10 of application serial No. 678,045, filed October 25, 1967, for "Apparatus for Making Woolen Footwear and the Like." We affirm.

## THE INVENTION

The invention is clearly set forth in claim 1:

1. In apparatus for molding woolen footwear and the like, the combination of: a mold for receiving a quantity of wool soaked in an aqueous solution and including a first outer mold element having a boot-shaped cavity corresponding substantially to a first half of a boot to be molded in the apparatus, and a second outer mold element having a boot-shaped cavity corresponding substantially to a second half of a boot to be molded in the apparatus; an inner mold element having an external surface corresponding to the interior of the boot to be molded, and vibrating means positioned to engage at least one of said outer mold elements to cause said outer mold elements to vibrate and hammer against the soaked wool contents of said mold so as to cause the wool in said mold to assume a hard consistency suitable for footwear.

The remaining claims all depend on and stand or fall with claim 1.

## THE PRIOR ART

The references were to Frieder et al., 287,492; Yanush, 3,067,467; Yanush, 2,975,480; Ludwig, 3,160,921; Abbott, 3,323,188. Frieder et al. disclose outer and inner mold elements and a vibrator means positioned to engage the mold and facilitate molding of mixtures of plastic and fibrous material. Yanush, 3,067,467, shows the claimed footwear mold, sans vibrator.

## OPINION

Appellant's sole argument is that his molding machine includes a component that "hammers" against the material in the mold. The result is a finished footwear product, an improvement over that of Yanush, 3,067,467, which required post-molding treatment. Appellant nowhere points to any distinction between the *structure* set forth in the appealed claims and that rendered obvious by Yanush, 3,067,467, and Frieder et al. Appellant disputes the board's statement that "appellant would endow his claims with some of the characteristics of apparatus and other characteristics of the process of using that apparatus." Yet his entire argument is directed to a process limitation, i. e. to the operation of a vibrator to "hammer" rather than to "settle" materials in a mold.

Appellant's use limitation does not impart a structural feature different from those of the prior art. The last paragraph of 35 U.S.C. § 112, allowing an element to be expressed as a means for performing a function, cannot aid appellant. Frieder et al. disclose the same means (a vibrator) for accomplishing the hammering function. Appellant has not denied that the Frieder vibrator inherently possesses that capability. In re Ludtke, 441 F.2d 660, 58 CCPA 1159 (1971). Whether a vibrator is operated gently to settle materials in a mold or more forcefully to "hammer" them is a process limitation which does not limit or define the claimed apparatus.

We find no error in the board's decision. Accordingly it is affirmed.

Affirmed.

ALMOND, Senior Judge (concurring).

With all due respect, I cannot agree with the reasoning of the principal opinion.

Appellant in this case has combined an apparatus for making woolen footwear, an apparatus which appears to closely correspond to that in an earlier patent

of his, with means to vibrate the mold elements for a stated purpose. In my view, that purpose is the function specified for the vibrating means, i. e., "to cause said outer mold elements to vibrate and hammer * * *." In that regard, I consider the word "vibrating" appearing before "means" to be a redundant and less specific functional definition of the means in question than appears after the word "means."

The board made it clear that it regarded as well known the combination of a molding apparatus with a vibrator to settle the material to be molded. For this reason, it apparently felt that the combination of the molding apparatus in question here with a vibrator would be obvious no matter what function the vibrator served. The board went on to say:

> Appellant does not appear to challenge the combination of a vibrator with a mold for the purpose of filling the mold but directs his argument to the nature of the material which is to be placed in the mold for shaping into the form of a boot. This argument is based upon the appealed claims which do not set forth merely the structure of the mold and its vibrator but purport to limit the claim to the use of a particular material to be molded, that is, moistened felt.

To me, this obviously means that the process limitation referred to by the board in the portion quoted in the principal opinion refers to the use of the apparatus to mold woolen footwear and not the operation of the vibrator per se. For this reason, I think the principal opinion gives the wrong impression as to what the board decided. I regard the board's opinion as saying, in effect, that it is of no avail to state in the claim that the apparatus is to be used to mold woolen footwear or that the vibrating means employed is to work upon the woolen material. I agree with the board that these are merely characteristics of the process to be carried out by the apparatus which in and of themselves do not make the claims patentable.

However, I do not believe that it is proper to say that the language in the claim calling for "means * * * to vibrate and hammer" "is a process limitation which does not limit or define the claimed apparatus." In my view, this is proper claim language sanctioned by 35 U.S.C. § 112, par. 3 that does define and limit the claim by defining the action of the vibrator. Nevertheless, I do feel that the combination called for by the claim would have been obvious to one of ordinary skill in the art at the time the invention was made and, accordingly I would affirm the board.