**In re John NGAI and David Lin.**

No. 03–1524.

United States Court of Appeals,
Federal Circuit.

DECIDED: March 8, 2004.

Richard Aron Osman, Principal Attorney, San Clemente, CA, for Appellant.

John M. Whealan, Patent & Trademark Office, Principal Attorney, Raymond T. Chen, Stephen Walsh, Of Counsel, Arlington, VA, for Appellee.

Before MICHEL, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Petitioners John Ngai and David Lin (collectively "Ngai") appeal from the decision by the Board of Patent Appeals and Interferences ("Board") rejecting claim 19 of the petitioner's patent application No. 09/597,608, as being anticipated by prior art. *Ex parte Ngai*, No.2002–1092 (BPAI 2003); *See* 35 U.S.C. § 102(b). We find that the Board's decision is supported by substantial evidence, and accordingly *affirm*.

## BACKGROUND

Ngai invented a method for amplifying RNA. He submitted the '608 application with 20 claims. The Examiner allowed claims 1–18, but rejected claims 19 and 20 as unpatentable under 35 U.S.C § 102(b) and 35 U.S.C § 103 respectively. The Board reversed the rejection with respect to claim 20. The rejection of claim 19 as anticipated by prior art, was affirmed with one judge dissenting. Thus, the only issue presented by this appeal is the rejection of claim 19.

Claims 1–18 are drawn to a method of amplifying RNA. Claim 19 reads:

A kit for normalizing and amplifying an RNA population, said kit comprising instructions describing the method of claim 1 and a premeasured portion of a reagent selected from the group consisting of: oligo dT biotinylated primer, T7 RNA polymerase, annealed biotinylated primers, streptavidin beads, polyadenyl transferase, reverse transcriptase, RNase H, DNA pol 1, *buffers* and nucleotides. (emphasis added).

The petitioner does not dispute that prior art teaches a kit comprising instructions and a 10X buffer.[1] Plaintiff rests his argu-

---

1. Petitioner also does not dispute that a 10X buffer is a type of buffer mentioned in proposed claim 19.

ment on the fact that claim 19 is limited to kits containing instructions teaching the method described in claim 1. The petitioner argues that because prior art does not teach a limitation of "instructions describing the method of claim 1," combined with an amplification kit, the petitioner's claim cannot be anticipated. The Board on the other hand argues that Ngai's claim merely teaches a new use for an existing product. Thus, the Board argues, Ngai can claim the new use as a method, but cannot claim the existing product itself. Ngai appealed the Board's decision to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(4).

## STANDARD OF REVIEW

Anticipation is a question of fact. *In re Schreiber*, 128 F.3d 1473, 1477 (Fed.Cir. 1997). We review USPTO's factual findings for substantial evidence. *In re Gartside*, 203 F.3d 1305, 1315 (Fed.Cir.2000).

## DISCUSSION

Ngai argues that the addition of new printed matter to a known product makes the product patentable. He further argues that because his claim is limited only to the kits that include his instructions, and because the prior art does not include such limitation, his claim cannot be anticipated by the prior art. To bolster his argument, petitioner relies on the language of *In re Gulack*, 703 F.2d 1381 (Fed.Cir.1983). Specifically, Ngai believes that the following passage helps his cause: "[The][d]ifference between an invention and the prior art cited against it cannot be ignored merely because those differences reside in the content of the printed matter." *Id.* at 1385.

The PTO relies on a different passage of *Gulack*, and argues that in order to qualify under *Gulack*, the printed matter must be functionally related to the underlying ob-

ject. "The critical question is whether there exists any new and unobvious functional relationship between the printed matter and the substrate." *Id.* at 1386.

The dispute between Ngai and PTO reduces to the question of the proper meaning of *Gulack*. The PTO has the better argument. In *Gulack*, the Board rejected a claim directed to a circular band designed for mathematical and educational purposes. The invention consisted of "(1) a band, ring, or set of concentric rings; (2) a plurality of individual digits imprinted on the band or ring at regularly spaced intervals; and (3) an algorithm by which the appropriate digits are developed." *Id.* at 1387. The rejection was premised upon the fact that a circular band with items printed upon it was well known in the art. *See id.* at 1384. We reversed, finding that the numbers printed on the band had a functional relationship to the band itself. The Court stated: "[t]he[ ] digits are related to the band in two ways: (1) the band supports the digits; and (2) there is an endless sequence of digits-each digit residing in a unique position with respect to every other digit in an endless loop. Thus, the digits exploit the endless nature of the band." *Id.* at 1386–87. Although the prior art disclosed a band with printed matter, the Court concluded that the prior art did not "disclose[ ] nor suggest[ ] either feature" of Gulack's invention. *Id.* at 1387.

This case however, is dissimilar from *Gulack*. There, the printed matter and the circularity of the band were interrelated, so as to produce a new product useful for "educational and recreational mathematical" purposes. The case at hand is different. The addition of a new set of instructions into a known kit does not interrelate with the kit in the same way as the numbers interrelated with the band. In *Gulack*, the printed matter would not achieve its educational purposes without

the band, and the band without the printed matter would similarly not be able to produce the desired result. Here, the printed matter in no way depends on the kit, and the kit does not depend on the printed matter. All the printed matter does is teach a new use for an existing product. As the *Gulack* court pointed out, "[w]here the printed matter is not functionally related to the substrate, the printed matter will not distinguish the invention from the prior art in terms of patentability." *Id.* If we adopt Ngai's position, anyone could continue patenting a product indefinitely provided that they add a new instruction sheet to the product. This is not the outcome envisioned by the *Gulack* court. Ngai is certainly entitled to a patent on his invention of a new RNA extraction method, and the claims covering that invention were properly allowed. He however is not entitled to patent a known product by simply attaching a set of instructions to that product.

## CONCLUSION

For the foregoing reasons, we find that the Board's decision is supported by substantial evidence, and accordingly *affirm.*

No costs.