NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: LAWNIE H. TAYLOR,**
*Appellant*

---

2015-1582

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 13/067,574.

---

Decided: November 6, 2015

---

LAWNIE H. TAYLOR, Germantown, MD, pro se.

THOMAS W. KRAUSE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Michelle K. Lee. Also represented by KRISTI L. R. SAWERT, FRANCES LYNCH.

---

Before O'MALLEY and TARANTO, *Circuit Judges*, and STARK, *District Judge.*[1]

---

[1] The Honorable Leonard P. Stark, Chief District Judge, United States District Court for the District of Delaware, sitting by designation.

PER CURIAM.

Lawnie Taylor filed an application with the Patent and Trademark Office to reissue his patent with altered claims broader than his original claims. The patent examiner and the Patent Trial and Appeal Board each concluded that the proposed claims were anticipated by prior art and so rejected his application. We affirm.

## BACKGROUND

Mr. Taylor owns U.S. Patent No. 7,582,597. The patent claims address products (or methods for modifying them) that contain a hypochlorite salt, such as NaOCl, commonly known as "bleach," and an alkali metal hydroxide, such as sodium hydroxide, NaOH. It claims certain mixtures of those two components based on the ratio of their concentrations in the solution measured by weight.

Within two years of receiving his patent, Mr. Taylor applied to the PTO for a broadening reissue under 35 U.S.C. § 251. He sought to broaden his original claims by changing the closed "consists of" transitional language to the open "comprises" language, thus covering solutions containing other elements in addition to the two originally covered. He also added a claim reference to the "weight concentration ratio" correlating to how damaging the resulting solution is to fabrics. And he changed some claimed weight concentration ratios (of the bleach over the hydroxide), as in representative claims 1 and 19, which originally required a ratio of at least 1:12.5 and, in the reissue claim, specified a ratio of between 1:30 and 1:1.

Claim 19, which is representative, claims:

An aqueous hypochlorite salt bleach product for cleaning a soft fabric article:
the solution of said product formulated with a weight concentration ratio of alkali-metal hydroxide over alkali-metal hypochlorite-salt,

said weight concentration ratio correlating to the quality of fabric safety of the product solution selected within the range of damaging to abated damage to cotton-safe,

wherein the product solution comprises,

(a) an effective amount of hypochlorite salt, for cleaning a soft fabric article[,]

(b) a quantity of alkali-metal hydroxide as determined by (a) and (c),

(c) the weight concentration ratio 1:30 to 1:1[.]

A patent examiner rejected the claims at issue here. The Board affirmed. It found anticipation of claim 19 (and hence all other claims at issue) by each of three different prior-art references, agreeing with the determinations of the examiner.

Taylor filed a timely appeal under 35 U.S.C. § 141(a). This court has jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

Anticipation requires that all elements of the claim, as arranged in the claim, be found explicitly or inherently in a single prior-art reference, and anticipation presents a question of fact. *In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997). We affirm the Board's factual findings if they are supported by substantial evidence, *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *In re Jolley*, 308 F.3d 1317, 1320 (Fed. Cir. 2002) (internal quotations omitted). Here, we hold, the Board's findings of anticipation by each of Scialla, Agostini, and Grande (the prior-art patents) were supported by substantial evidence.

For example, Scialla (U.S. Patent No. 6,120,555) discloses a bleaching product "suitable for the bleaching of different types of fabrics including natural fabrics," such as "cotton." '555 patent, col. 1, lines 61–64. The product

includes an alkali-metal hydroxide (such as NaOH) and an alkali-metal hypochlorite salt (such as bleach). *Id.* col. 5, lines 39–47; col. 3, lines 58–62. One example shows a solution of which 1.4 percent (by weight) is NaOH and 2.5 percent (by weight) is bleach. *Id.* col. 8, lines 16–25. The ratio of those weight concentrations (1.4% divided by 2.5%) is 0.56, which is 1:1.79—a ratio between 1:1 and 1:30. Scialla thus teaches a product that meets all the requirements for the product claimed in Mr. Taylor's claim 19. So do Agostini and Grande, teaching weight concentrations that arithmetically give ratios of 1:1.79 and 1:2.92, as well as the required safety for fabrics such as cotton. *See* U.S. Patent No. 6,416,687, col. 10, lines 19-43; U.S. Patent No. 6,448,215, col. 19, lines 40-67.

Each of those prior-art patents anticipates. "[W]hen, as by a recitation of ranges or otherwise, a claim covers several compositions, the claim is 'anticipated' if one of them is in the prior art." *Titanium Metals Corp. of Am. v. Banner*, 778 F.2d 775, 778 (Fed. Cir. 1985). Mr. Taylor's claim 19 covers compositions disclosed by each of Scialla, Agostini, and Grande.

Because claim 19 claims a product, a prior-art product that has the claimed defining characteristics falls within the claim. Here, nothing material to anticipation is added by the "correlating" aspect of the claim element: "weight concentration ratio correlating to the quality of fabric safety of the product solution selected with the range of damaging to abated damage to cotton-safe." That aspect does no more than assert that there is some association between a chemical feature and a performance property of the claimed product, but the association does not alter what the product is or even does. If the product is old, such a newly discovered fact about the association between its components or functions does not remove it from the domain of prior-art products. *See Atlas Powder Co. v. Ireco, Inc.*, 190 F.3d 1342, 1347 (Fed. Cir. 1999) ("[T]he discovery of a previously unappreciated property of a prior

art composition, or of a scientific explanation for the prior art's functioning, does not render the old composition patentably new to the discoverer.").

## CONCLUSION

For the foregoing reasons, we affirm the decision of the Patent Trial and Appeal Board.

**AFFIRMED**