Moore, Circuit Judge,
dissenting.
I agree with the majority that the district court correctly construed the term “mountable” as “having a feature for mounting.” Because I think Profectus has proffered sufficient evidence to create a genuine issue of whether the communication ports are a feature for mounting, I would vacate summary judgment of non- *1384 infringement as to Apple, Dell, Motorola, and Samsung.[1]
On a motion for summary judgment, a district court must view the evidence in the light most favorable to the non-mov-ant, and draw all reasonable inferences and resolve all doubts over factual issues in favor of the non-movant. Meyer Intellectual Props. Ltd. v. Bodum, Inc., 690 F.3d 1354, 1366 (Fed.Cir.2012). The record evidence, when viewed in the light most favorable to Profectus, raises a genuine dispute over whether the Appellees’ communication ports are a feature for mounting. Each accused device, commonly referred to as a tablet, has a compatible dock on which the tablet can be mounted and stay upright. Each accused device also has a communication port on the bottom, which connects to the compatible dock’s connector when the tablet is mounted. To mount a Samsung tablet to its dock, Samsung’s .2011 Series 7 Slate User Guide instructs a user to align the connector on the dock with the communication port on the bottom of the tablet, and connect them. J.A. 1307. Apple’s iPad user guide discloses using an iPad as a picture frame “while charging it in an iPad Dock.” J.A. 1261. The record includes testimony that the docks are designed to mate with the ports in the accused devices and that the tension between the two connectors holds the tablet in place on the dock. J.A. 1217-18. Given this evidence, a reasonable jury could have found that the communication ports, which fit to the dock’s connectors, are features for mounting.
The majority relies on the following undisputed facts for its position that summary judgment was appropriate: (i) the ports can be used without the docks, namely, for power, data, and communication, (ii) there was no evidence that the communication ports were developed as inherent features for mounting, and (iii) solely connecting the docking station to the communication port does not provide adequate support. Maj. Op. at 1382-83. These facts do not call for summary judgment.
First, the construction does not require having a feature that is exclusively for mounting. The fact that the communication ports can be used for charging does not mean they cannot serve additional functions. Indeed, Appellees admit that the communication ports have at least two features. Appellees’ Br. 3 (“[The] ports are features for charging and transferring information .... ” (emphasis added)). Here, the record on summary judgment includes evidence that the communication ports function to charge, transfer information, and mount the accused devices on the docking station. See, e.g., J.A. 1217-18, 1261, 1307. This creates a genuine issue of fact regarding whether the communication ports are a feature for mounting and thus I would not have affirmed the grant of summary judgment.
Second, the manufacturers’ intent behind the design or purpose of the communication ports is irrelevant to the question of infringement, and the district court properly eliminated the requirement that the feature must be “designed for” mounting. Apparatus claims “recite features of an apparatus either structurally or functionally.” In re Schreiber, 128 F.3d 1473, 1478 (Fed.Cir.1997). Intent behind a product design is not an element of direct infringement for an apparatus claim. The majority’s reliance on the fact that the accused devices were “conceived apart from external accessories” and not “designed to have features for mounting” is *1385 inconsistent with the district court’s construction, which eliminated the “designed for” requirement. Maj. Op. at 1383.
Finally, the majority places significant weight on the fact that the communication ports, standing alone, do not make the accused devices mountable for viewing. The specification expressly contemplates the use of additional parts to achieve mounting, such as screws or nails. ’308 patent, col. 5 11. 45-47. And the district court allowed for additional elements or structures to be used to achieve mounting. Profectus Tech. LLC v. Huawei Techs. Co., Ltd., No. 6:11-cv-474, 2014 WL 1575719, at *4 (E.D. Tex. Apr. 17, 2014) (“[T]he Court does not go so far as to require that the mounting feature include all components needed to mount the frame or display.”). The Appellees argue that Profec-tus’ expert conceded that he had done no mechanical analysis on how much of the weight of the device is supported by the rest of the dock as opposed to the particular connector. Appellees’ Br. 40 (citing J.A. 490:8-13). However, the district court’s construction neither requires such mechanical analysis nor that the feature be “a standalone inherent feature,” Maj. Op. at 1382-83. Determining whether the communication ports are features for mounting, and the extent or degree to which they serve this function, is for the finder of fact.
“[T]he weighing of the evidence[] and the drawing of legitimate inferences from the facts are jury functions, not those of a judge....” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, I respectfully dissent from the majority’s affir-mance of summary judgment as to Apple, Dell, Motorola, and Samsung.

. Because HP's products at issue do not have a communication port, I agree that summary judgment of non-infringement is appropriate as to HP.