# United States Court of Appeals for the Federal Circuit

---

**IN RE:  SURGISIL, L.L.P., PETER RAPHAEL, SCOTT HARRIS,**

*Appellants*

---

2020-1940

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 29/491,550.

---

Decided:  October 4, 2021

---

ANGELA OLIVER, Haynes & Boone, LLP, Washington, DC, argued for appellants SurgiSil, L.L.P., Peter Raphael, Scott Harris.  Also represented by JOHN RUSSELL EMERSON, ALAN N. HERDA, DEBRA JANECE MCCOMAS, VERA L. SUAREZ, Dallas, TX.

MARY L. KELLY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Andrew Hirshfeld.  Also represented by THOMAS W. KRAUSE, WILLIAM LAMARCA, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

---

Before MOORE, *Chief Judge*, NEWMAN and O'MALLEY, *Circuit Judges*.

MOORE, *Chief Judge*.

SurgiSil appeals a decision of the Patent Trial and Appeal Board affirming an examiner's rejection of SurgiSil's design patent application, No. 29/491,550. Because the Board erred in holding that the claimed design is not limited to the particular article of manufacture identified in the claim, we reverse.

I

The '550 application claims an "ornamental design for a lip implant as shown and described." J.A. 19. The application's only figure is shown below:



J.A. 20.

The examiner rejected the sole claim of the '550 application as anticipated by a Dick Blick catalog (Blick). J.A. 82–84. Blick discloses an art tool called a stump. J.A. 182. Blick's stump is made of "tightly spiral-wound, soft gray paper" and is used "for smoothing and blending large areas of pastel or charcoal." *Id.* An image of Blick's stump is shown below:

Stump

Id.

The Board affirmed, finding that the differences in shape between the claimed design and Blick are minor. J.A. 2–5. It rejected SurgiSil's argument that Blick could not anticipate because it disclosed a "very different" article of manufacture than a lip implant. J.A. 5. The Board reasoned that "it is appropriate to ignore the identification of the article of manufacture in the claim language." J.A. 7. It further explained that "whether a reference is analogous art is irrelevant to whether that reference anticipates." *Id.*

(quoting *In re Schreiber*, 128 F.3d 1473, 1478 (Fed. Cir. 1997)).  SurgiSil appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## II

Although anticipation is ultimately a question of fact, the Board's predicate decision that the article of manufacture identified in the claim is not limiting was a legal conclusion.  We review the Board's legal conclusions de novo. *Redline Detection, LLC v. Star Envirotech, Inc.*, 811 F.3d 435, 449 (Fed. Cir. 2015) (citing *Rambus Inc. v. Rea*, 731 F.3d 1248, 1251 (Fed. Cir. 2013)).  We hold that the Board erred as a matter of law.

A design claim is limited to the article of manufacture identified in the claim; it does not broadly cover a design in the abstract.  The Patent Act permits the grant of a design patent only to "[w]hoever invents any new, original and ornamental design *for an article of manufacture*."  35 U.S.C. § 171(a) (emphasis added).  In *Gorham Co. v. White*, 81 U.S. 511 (1871), the Supreme Court explained that "[t]he acts of Congress which authorize the grant of patents for designs" contemplate "not an abstract impression, or picture, but an aspect given to *those objects mentioned in the acts*."  *Id.* at 524–25 (emphasis added).  Accordingly, in *Curver Luxembourg, SARL v. Home Expressions Inc.*, 938 F.3d 1334, 1336 (Fed. Cir. 2019), we held that the claim at issue was limited to the particular article of manufacture identified in the claim, i.e., a chair.  Consistent with this authority, the Patent Office's examination guidelines state that a "[d]esign is inseparable from the article to which it is applied and cannot exist alone . . . ."  Manual of Patent Examining Procedure § 1502.

Here, the claim identifies a lip implant.  The claim language recites "a lip implant," J.A. 19, and the Board found that the application's figure depicts a lip implant, J.A. 7.  As such, the claim is limited to lip implants and does not cover other articles of manufacture.  There is no dispute

that Blick discloses an art tool rather than a lip implant. The Board's anticipation finding therefore rests on an erroneous interpretation of the claim's scope.

### III

We have considered the cases cited by the Director, and they do not support the Director's position. Because the Board erred in holding that the claimed design is not limited to lip implants, we reverse.

**REVERSED**

COSTS

Costs to SurgiSil.