**In re GRAY et al.**

**Patent Appeal No. 2822.**

Court of Customs and Patent Appeals.
Dec. 7, 1931.

James J. Kennedy, of New York City, for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, one member dissenting, in which decision the Board affirmed the decision of the Examiner in rejecting certain claims, and, under rule 139, rejected one claim which had been allowed by the Examiner.

The applicants' invention relates to an alloy which contains silver and indium, and which has the effect of rendering the silver nontarnishable.

In this court appellants dismissed all appealed claims except Nos. 3 and 7, upon which they state they now rely, and which follow:

"3. An alloy or intimate mixture comprising silver and a measurable amount of indium, with the silver content constituting about 90% or more of the combined silver and indium."

"7. A tarnish-resisting alloy or intimate mixture comprising silver and indium with the indium in sufficient quantity to give protection to the alloy or mixture against tarnishing."

In order to understand the question before us and to show the position of the majority and minority members of the Board, we think it will be helpful to set out allowed claims 5 and 6, which are of record. Allowed claims 5 and 6 follow:

"5. An alloy or intimate mixture consisting of silver and a measurable amount of indium, with the silver content predominating.

"6. An alloy or intimate mixture consisting of silver and a measurable amount of indium, with the silver content constituting about 90% or more of the combined silver and indium."

The Board in its decision used claim 2 as illustrative. The appeal has been dismissed as to this claim, and we will regard claim 7, supra, as being illustrative. It will be noted that this claim calls for a tarnish-resisting alloy "*comprising* silver and indium with the indium in sufficient quantity to give protection," etc.

The majority of the Board in rejecting the claims said:

"Claims 1, 2 and 7 are drawn to an alloy '*comprising*' silver and a 'measurable' amount of indium and claim 2 specifies that the silver predominates though it does not clearly appear whether the silver predominates over all the other constituents or only over the indium. The Examiner points out that these claims seek to cover all alloys in which silver and indium are used, even though they constitute but a small proportion of the alloy, and that they cover possible alloys which would differ from each other in their characteristics as widely as iron and lead. He quotes from a decision of the Board of Examiners-in-Chief in which it was stated that there is no such thing as a genus covering all alloys containing the same metals, and that any invention must lie in the production of a definite article of definite characteristics.

\* \* \* \* \*

"The claims are undoubtedly as broad as the Examiner has construed them and there is no reason why they should not be drawn to accurately define the invention, as required by the statutes, without having to read limitations into them from the specification, see In re Carr C. D. 1924, page 268.

"Claims 1, 2 and 7, which are drawn to the alloy as an article of manufacture, use the term 'comprising' which permits the inclusion of other metals than silver and indium and, as there is no statement that the silver and indium predominate over the other metals, these claims cover alloys in which the silver may be in such small proportion that the alloy would not even have the characteristics of silver and the indium would have no function. As the only invention disclosed in the specification is the use of indium to prevent the tarnishing of silver, these claims are obviously broader than the invention. Claim 3, which stands allowed, seems to be open to the same criticisms.

"Claim 4 uses the term '*consists*' and is therefore drawn to an alloy of silver and indium without other elements. It is indefinite and broader than the invention in defining the indium as 'a measurable amount.' The specification gives the limits as 1% to 25% of indium to the total of silver and indium, and quantities less than 1% may be measurable.

* * * * *

"In our opinion appellant is entitled to no claim which is broader than an alloy comprising silver, in such proportions that the alloy is tarnished by exposure to the atmosphere, and indium in such quantity that such tarnishing is prevented thereby. It is not intended to suggest the language to be employed but only to indicate the limits of the invention described in the specification. Such invention seems to be sufficiently covered by claims 5 and 8 though the latter would be more definite if it were stated that the silver predominates over the other constituents of the alloy." (Italics quoted.)

The dissenting member of the Board took the position that the applicants were the first to produce an alloy *"consisting* essentially of silver and indium." Just here it might be noted that the claims at bar are not drawn to an alloy *consisting* essentially of silver and indium. These claims are broad enough to cover a mixture in which there might be very little silver and very little indium. The dissenting member further says:

"The Board is willing to allow claims 5 and 8 which include the limitation that the silver predominates; but it is evident that an alloy consisting of 51% silver and 49% indium is the same invention as an alloy consisting of 51% indium and 49% of silver. No such line can be drawn between patentable and non-patentable subjects matter.

* * * * *

"It is evident from the disclosures that the applicants regarded themselves as the inventors of a silver-indium alloy; that the range of proportions of these metals in the alloy is very great depending upon the specific effects they may wish to produce; and that other metals may be introduced into the alloy as long as the alloy retains essentially its silver-indium characteristics. Applying the universally accepted rule that an inventor is entitled to a claim as broad as his invention, it is obvious that the applicants' claim should not be restricted to any specific proportions or to any specific range of proportions; nor to an alloy consisting of silver and indium alone. Such a claim would be of little value to the applicants as others could easily secure to their own use the applicants' silver-indium alloy without infringing their claims."

It will be noted in the last above-quoted statement the phrase "as long as the alloy retains essentially its silver-indium characteristics." The claims at bar are not drawn to cover this kind of alloy only.

We agree with the decision of the majority of the Board that the appealed claims were broader than appellants' invention, and did not properly define the article. We think the applicants should have limited the scope of their claims within the bounds indicated in the Board's opinion. The decision of the Board of Appeals is affirmed.

Affirmed.