48 CCPA

### Application of James F. HUNTER.
### Patent Appeal No. 6655.

United States Court of Customs
and Patent Appeals.
March 15, 1961.
Rehearing Denied May 5, 1961.

Morrison, Kennedy & Campbell, New York City (Luther E. Morrison and Willis B. Rice, New York City, of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. William Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPAT-RICK.[1]

MARTIN, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the examiner of claims 33 to 36, inclusive, and 39, the only remaining claims of appellant's application for a patent on a method of connecting cords.

Appellant's invention relates to a joint for multiple-strand cords and a process for making such a joint. The cords contemplated are those used in operating window shades and Venetian blinds. Common usage requires that such cords be endless and that any cord joints be flexible and of a diameter substantially equal to that of the cord itself so that the joints will move easily around pulleys in the shade or blind apparatus.

Claims 33, 34 and 39, which are representative, are as follows:

"33. A process of connecting the ends of multiple-strand cords for window shades which comprises loosening the strands adjacent to said ends to increase the voids between the strands, covering said strands and filling the voids between them with a settable flexible plastic, then abutting said ends together in alignment and compressing the said ends to substantially the size of the cords to be joined while setting the plastic."

"34. A device according to Claim 33 in which the ends of the joint are compressed inwardly below the surface."

"39. A joint for multiple-strand cords comprising two adjacent cord ends abutted together, each having the voids between the strands filled with a body of a flexible plastic uniting the ends together and having both ends of the outer surface of the plastic compressed inwardly below the surface of the cord."

The references relied on are:

| | | |
|---|---|---|
| Putvin, | 1,903,406, | April 4, 1933 |
| Tocci-Guilbert, | 2,596,513, | May 13, 1952 |

The sole issue is whether the claimed joint and process for making it are unobvious in view of the cited prior art. No distinction has been made by the Patent Office or the appellant between process claims 33 and 35 and product claims 34, 36, and 39, and we make none here.

Appellant's steps to join the ends of a cord as set forth in Claim 33 are: (1) loosening the strands adjacent to the ends of the cord; (2) covering said strands and filling the voids between them with a settable flexible plastic; (3) abutting the ends of the strands together; (4) compressing the ends to substantially the size of the cord until the plastic is cured.

The Tocci-Guilbert patent, which relates to a method of joining ends of belting, "particularly round and vee belts of rubber, leather, rope and the like," enumerates the following steps: (1) paring down the ends to be joined; (2) coating the ends with rubber cement or resinous material; (3) placing a thermoplastic resinous disc between the ends; (4) inserting the cord ends into a tubular coupling;[2] (5) abutting the ends with the disc between them within the cou-

---

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Connell,* pursuant to provisions of Section 294(d), Title 28 U.S.C.

2. The coupling is woven of wires on 90 degree bias so that "Elongation of the woven tubular coupling * * * constricts its diameter substantially throughout its entire length, * * *."

pling; (6) applying heat to melt the resinous disc and fuse the ends.

The patentee states that when rope is to be joined, paring down of the ends is omitted. The other steps, however, are applicable to both rubber and rope belts.

Although appellant's step of "loosening the strands" or "unravelling them" (claim 35) is not disclosed in the Tocci-Guilbert patent, the Putvin patent shows this step in producing a flat overlap seam when joining drier felts. Furthermore, when a cord is cut, the strands inherently will become unravelled. Appellant admits this result in his specification. Therefore, this step is without patentable significance. Further, it is obvious that if the strands are unravelled, the heated resinous material will permeate the voids between the strands.

The only significant difference between appellant's method and that of the combined references lies in the sleeve of the Tocci-Guilbert patent. There is no question but that appellant provides in his specification for the joining of the ends of the cord without such a device. Assuming that there is patentable significance in joining the ends of a cord by means of appellant's method without a sleeve, appellant did not draw his claims to exclude the use of such a sleeve. Claims 33 and 35 state: "A process of connecting the ends of multiple-strand cords for window shades which *comprises* [emphasis ours]—" certain steps. Claim 39, a product claim, also uses the word "comprising" in this connection. In using these words, appellant has drawn claims which read upon the Tocci-Guilbert patent in all material respects since there is nothing in said claim to preclude the presence of a sleeve in the process or the product. In the case of In re Cone, 121 F.2d 470, 472, 28 CCPA 1282, this court stated in affirming the rejection of certain method and product claims:

"Many of the claims use the term 'comprising,' which does not exclude other ingredients in the composition, and none of the claims describe a composition *consisting* of the ingredients named in the claims."

See also In re Cox and Clapsadle, 73 F.2d 630, 22 CCPA 761; In re Daniel Gray, Richard O. Bailey and William S. Murray, 53 F.2d 520, 19 CCPA 745.

In view of the fact that appellant did not limit his claims to preclude the use of a sleeve in his process and his product, we are compelled to *affirm* the decision of the Board of Appeals.

Affirmed.

KIRKPATRICK, J., was present at the argument of this case, but did not participate in the decision.