NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

(Serial No. 11/505,445)

**IN RE LAWNIE H. TAYLOR**

---

2011-1275

---

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

---

Decided: October 6, 2011

---

LAWNIE H. TAYLOR, LHTaylor Associates, Inc., of Germantown, Maryland, pro se.

RAYMOND T. CHEN, Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, for appellee. With him on the brief were BRIAN T. RACILLA, and FRANCES M. LYNCH, Associate Solicitors.

---

Before LINN, PROST, and REYNA, *Circuit Judges*.

PER CURIAM.

Appellant Lawnie H. Taylor ("Taylor") appeals a decision by the Board of Patent Appeals and Interferences ("Board") affirming the examiner's rejection of multiple claims in U.S. Patent Application No. 11/505,445 ("'445 Application"). *Ex parte Taylor*, No. 2011-000971 (B.P.A.I. Jan. 13, 2011) ("*Board Decision*"). For the reasons discussed below, this court affirms the Board's decision holding that all claims of the '445 Application are unpatentable.

## I. BACKGROUND

On August, 17 2006, Taylor filed the '445 Application with the United States Patent and Trademark Office ("PTO") for an invention titled "Methods and Equipment for Removing Stains from Fabrics." Claims 172-185, 198-207, 235-246, and 274-286 relate to a method for preparing a cleaning solution, wherein the cleaning solution "consists of" a hypochlorite salt (commonly known as bleach), alkali metal hydroxide, and one or more additives. The purpose of the alkali metal hydroxide is to "retard[] the damaging effect of the [bleach] on soft fabric (such as cotton fabric)." '445 Application at 5. Claim 198 is the broadest representative claim:

**198.** A method for producing a product that reduces the damaging effect on a soft fabric article, comprising:

providing a cleaning solution containing a hypocholorite salt, an alkali metal hydroxide and an additive,

wherein the weight concentration ratio of the alkali metal hydroxide over the hypochlorite salt in the cleaning solution is no less than 1:12.2,

wherein the cleaning solution *consists of* the hypochlorite salt, the alkali metal hydroxide and the additive, and

wherein said additive *consists of at least one member of the group consisting of* chelating agents, phosphorus-containing salts, surfactants and abrasive agents,

whereby said alkali metal hydroxide in said cleaning solution reduces the damaging effect of said hypochlorite salt on a soft fiber article.

'445 Application, Amendment of Sept. 24, 2009 at 7-8, J.A. 445-46 (emphasis added) ("*9.24.09 Amendment*"). Claims 308-322 recite a "kit" comprising the cleaning solution described above and instructions for its use. *Id.* at 469-74.

On December 15, 2009, after several rounds of prosecution and requests for continued examination, the examiner, under 35 U.S.C. §§ 102 and 103, rejected all of the claims not previously withdrawn. The examiner also rejected certain claims under 35 U.S.C. § 112, para. 2, stating that "[t]he claims are confusing because they attempt to use the transitional language 'consisting of,' yet allow for additional components to be present in the composition." '445 Application, Second Final Office Action (Dec. 15, 2009), J.A. 510. The Board reversed the § 112 rejection, holding that "one of ordinary skill in th[e] art would understand that the cleaning solution required by the claimed invention consists of a hypochlorite salt, an alkali metal hydroxide, and an additive that is at least one member of the group consisting of chelating agents, phosphorous-containing salts, surfactants and abrasive agents." *Board Decision* at 8. The Board affirmed the rejections under §§ 102 and 103. *Id.* at 16. Taylor ap-

peals, and this court has jurisdiction pursuant to 35 U.S.C. § 141 and 28 U.S.C. § 1295(a)(4)(A).

## II. DISCUSSION

### A. Standard of Review

Anticipation is a question of fact. *In re Schreiber*, 128 F.3d 1437, 1477 (Fed. Cir. 1997). This court affirms the Board's factual determinations if they are supported by substantial evidence—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *In re Jolley*, 308 F.3d 1317, 1329 (Fed. Cir. 2002) (citation omitted). This court reviews the Board's interpretation of disputed claim language to determine whether it is "reasonable." *In re Morris*, 127 F.3d 1048, 1054-55 (Fed. Cir. 1997).

### B. "Consisting of" Argument

Taylor's primary argument on appeal is that the use of the transitional phrase "consisting of" renders the claims patentable over the prior art references, which use the transitional phrase "comprising" (to claim hypochlorite salt and alkali metal hydroxide cleaning solutions, methods for producing the same, and a related "kit"). According to Taylor, the examiner erred in rejecting the claims because the examiner incorrectly stated that "consisting of means those things listed and *absolutely no others*." Appellant Br. 14 (citing '445 Application, Advisory Action (Apr. 15, 2010), J.A. 596) (emphasis added). Taylor relies on *Conoco, Inc. v. Energy & Environmental International, L.C.*, 460 F.3d 1349 (Fed. Cir. 2006), *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321 (Fed. Cir. 2004), and *In re Gray*, 53 F.2d 520 (CCPA 1931) for the proposition that the transitional phrase "consisting of" is not absolutely restrictive, and thus his claims should

"allow[] unspecified additives that are unrelated to the invention in addition to the listed components." Appellant Br. 13. Taylor also challenges the validity of MPEP § 2111.03, which reads in relevant part: "The transitional phrase 'consisting of' excludes any element, step or ingredient not specified in the claim" (citing *In re Gray*, 53 F.2d 520 (CCPA 1931) and *Ex Parte Davis*, 80 U.S.P.Q. 448 (B.P.A.I. 1948)). Taylor contends that MPEP § 2111.03 is invalid because it "absolutely restricts" "consisting of" claims to the recited elements "although such interpretation ha[s] been invalidated by case law." Appellant Br. 5. Taylor does not address how his proposed definition of "consisting of" would render his claims patentable over the prior art. Taylor does argue, however, that his bleach technology is novel because "the concentrations of the two essential ingredients of bleach are related intentionally by a ratio, a step unknown in the cited references." *Id.* at 27.

The Solicitor counters that the Board properly construed the claims to hold that "cleaning solutions composed of NaOCl [(sodium hypochlorite or bleach]), NaOH [(sodium hydroxide)], and one or more additional ingredients from the claimed group of additives (*e.g.*, surfactants or chelating agents) may anticipate the inventions recited in claims 172 and 198." Appellee Br. 19. The Solicitor argues that MPEP § 2111.03 is entirely consistent with case law because "it recites exceptions to the rule of absolute exclusion." *Id.* at 36; MPEP § 2111.03 (stating that, in *Davis*, 80 U.S.P.Q. at 450, "'consisting of' [is] defined as 'closing the claim to the inclusion of materials other than those recited *except for impurities ordinarily associated therewith*'" (emphasis added) and recognizing that, in *Norian*, 363 F.3d at 1331-32, this court "h[eld] that a bone repair kit 'consisting of' claimed chemicals was infringed by a bone repair kit including a spatula in addition to the claimed chemicals because *the presence of the spatula was unrelated to the claimed invention*" (emphasis added)). Under the Board's claim construction, the

Solicitor contends that the cited references teach each and every element of Taylor's proposed claims, including the "weight concentration ratio of the alkali metal hydroxide over the hypochlorite salt" being "no less than 1:12.5." Appellee Br. 21.

This court agrees with the Solicitor. Taylor's argument that the examiner misinterpreted the transitional phrase "consisting of" does not help him. Taylor misunderstands the nature of the examiner's statement that "consisting of means those things listed and absolutely no others." '445 Application, Advisory Action (Apr. 15, 2010), J.A. 596. This statement was made in the context of a discussion relevant to the examiner's § 112 rejection, not the §§ 102 and 103 rejections, evidenced by his statement immediately thereafter that "[y]ou cannot have a consisting of claim that allows for multiple, even potentially limitless additives . . . . To have a consisting of claim that may have all kinds of additives is both confusing and improper." *Id.* As discussed in Part I, the Board reversed the examiner's § 112 rejection, holding that one of ordinary skill in the art would understand the proper scope of the claim to be a cleaning solution that "consists of a hypochlorite salt, an alkali metal hydroxide, and an additive that is at least one member of the group consisting of chelating agents, phosphorous-containing salts, surfactants and abrasive agents." *Board Decision* at 8.

The Solicitor is correct that the Board properly construed the "consisting of" claims to require one or more of the stated additives. The pertinent claim limitations recite a "cleaning solution [that] *consists of* the hypochlorite salt, the alkali metal hydroxide *and the additive*," and further require that "said additive *consists of at least one member of the group consisting of* chelating agents, phosphorus-containing salts, surfactants and abrasive agents." *9.24.09 Amendment* at 7-8 (emphases added). Although Taylor is correct that the term "consisting of" is not a term

of absolute exclusion, *see Conoco*, 460 F.3d at 1359 ("Although 'consisting of' is a term of restriction, the restriction is not absolute."), neither the Board nor the MPEP § 2111.03 misconstrues this rule. As the Solicitor pointed out, MPEP § 2111.03 recognizes the case law exceptions to the rule of absolute exclusion, and the Board properly held that they do not apply in this case. Unlike in *Davis*, *Norian*, or *Conoco*, the claimed additive in Taylor's application is neither an "impurity," *Davis*, 80 U.S.P.Q. at 450 and *Conoco*, 460 F.3d at 1360, nor an element that is "unrelated to the claimed invention," *Norian*, 363 F.3d at 1331-32 (holding that a spatula added to a kit was "not a part of the [chemical] invention that [wa]s described"). In contrast to those cases, here, Taylor deliberately included the additive element during prosecution as a part of the claimed solution, and he cannot now disclaim the additive based on his use of the transitional phrase "consisting of" versus "comprising."

Based on this claim construction, substantial evidence supports the Board's decision that the cited references disclose each and every element of the disputed claim limitations: the cited references disclose bleach and hydroxide solutions of the claimed ratio, wherein one or more of the claimed additives are present. Accordingly, this court affirms the Board's decision.

## B. Proposed Amendments

On appeal to this court, Taylor seeks entry of proposed amendments of May 17, 2010 (filed after the examiner's first final rejection) to expand the claimed "additives" to include additives "unrelated" to the invention. In an advisory action, the examiner declined to enter these amendments because "they raise[d] new issues." '445 Application, Advisory Action (June 23, 2010), J.A. 634. In that action, the examiner informed Taylor that "the expansion of the Markush group for the

additives [would] require further consideration and search," and then informed Taylor: "Applicant may appeal this rejection to the [Board] [referring, however, to the final rejection of the claims, not the non-entry of the amendments]." *Id.* at 635. On appeal, the Board considered only the claims submitted on September 24, 2009. *Board Decision* at 2 n.2. (explaining that non-entry of amendments is petitionable only to the Director of the PTO under 37 C.F.R. § 1.181 and not by way of appeal to the Board). Taylor argues to this court that he "lost the opportunity to timely pursue the correct procedure" because "he misunderstood the language of the Examiner's Advisory Action." Appellant Reply Br. 10. Notwithstanding the asserted lack of clarity of the examiner's statement in the advisory action, this court does not have jurisdiction to address proposed amendments not considered by the Board. Taylor must petition the non-entry of amendments through the proper PTO procedures, *i.e.*, petitioning to the Director under 37 C.F.R. § 1.181.

## III. CONCLUSION

For the foregoing reasons, this court affirms the Board's decision.

## AFFIRMED